UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

OSQUEL CABRERO,

      Plaintiff

Vs.

NORTHWEST DISTRIBUTORS, LLC,
A Florida limited liability company, and
GUISEPPE IADISERNIA, an individual,

      Defendant.

_____/

GENERAL JURISDICTION DIVISION

CASE NO.:_____

## PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

**COMES NOW**, OSQUEL CABRERO (hereinafter "CABRERO"), the Plaintiff in the above styled case, and files this complaint against the Defendant, NORTHWEST DISTRIBUTORS, LLC, (hereinafter "NORTHWEST") and GUISEPPE IADISERINA (hereinafter "IADISERNIA"), and in support alleges as follows:

1. This is an action to recover money damages for unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to Fair labor Standards Act, 29 U.S.C. §201-219 (Section 216 for jurisdictional placement) ("the Act").

2. This is an action brought by CABRERO to recover from NORTHWEST unpaid minimum and overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

3. CABRERO is over the age of 18, resides in Miami Dade County, Florida at 3139 SW 25 street Miami, FL 33133, and is otherwise *Sui Juris*.

4.     Defendant, NORTHWEST, at all relevant times, was a Florida Corporation with its principal place of business located at 20775 NW 17TH Avenue, Miami Gardens, Florida 33056, whose registered agent is CST BUSINESS & FINANCIAL SERVICES IADISERNIA located at 1130 E Hallendale Beach Blvd., Hallandale Beach, Florida 33009, and whose manager is also located at 20775 NW 17TH Avenue, Miami Gardens, Florida 33056.

5.     The Defendants' business activities involve those to which the Fair Labor Standards Act applies.

6.     The Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

7.     The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

8.     The Defendants also regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

9.     Upon information and belief, NORTHWEST's gross sales or business exceeded $500,000.00 for the relevant time periods alleged in this complaint.

2

10. The individual Defendant IADISERNIA is an adult resident of Miami Dade County.

11. The individual Defendant IADISERNIA is a corporate officer and/or owner and/or manager of the Corporate Defendant, NORTHWEST.

12. The individual Defendant IADISERNIA ran and/or assisted in the running of day-to-day operations of Corporate Defendants at all relevant times alleged within this complaint.

13. The individual Defendant IADISERNIA was responsible for paying CABRERO's wages for the relevant times alleged in this complaint.

14. The individual Defendant IADISERNIA controlled Plaintiff's work and schedule.

15. The individual Defendant IADISERNIA was CABRERO's employer as defined by 29 U.S.C. 203 (d).

16. All of the relevant events alleged in this complaint occurred in Dade County.

## COMMON FACTUAL ALLEGATIONS

17. From approximately February 3, 2014 through May 31, 2014, CABRERO worked for NORTHWEST.

18. During the period of February 3, 2014 through May 31, 2014, CABRERO was not paid minimum wage and/or overtime as required by state and federal law.

19. From February 3, 2014 through May 31, 2014, CABRERO worked approximately 101 hours of overtime, but was paid at the rate of $500.00 per week.

20. In total, CABRERO did not receive approximately **$1,893.75** in overtime pay for the work that he performed for NORTHWEST from approximately February 3, 2014 through May 31, 2014.

21.   IADISERNIA was in charge of payment for employees of NORTHWEST.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME WAGE VIOLATION)

22.   Plaintiff readopts and realleges all the allegations contained within Paragraphs 1 through 24.

23.   This is an action to collect unpaid overtime wages under the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA").

24.   Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216 (b).

25.   29 U.S.C. § 207 (a) (1) requires that employer compensate an employee at least at one and half times the employee's regular rate for hours an employee works in excess of forty (40) hours in any work week.

26.   From approximately February 3, 2014 through May 31, 2014, CABRERO worked approximately 101.00 hours in excess of the forty (40) hour work week for NORTHWEST.

27.   Defendants did not pay CABRERO for all of the 101.00 hours that CABRERO worked in excess of the forty (40) hour work week for NORTHWEST.

28.   As per the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.*, CABRERO should have been paid at a rate of 1.5 times the minimum wage per hour by the Defendants for approximately 101.00 hours that CABRERO worked in excess of the forty (40) hour work week for NORTHWEST.

29.   In total, Defendants were required to pay CABRERO approximately **$1,893.75** for approximately 101.00 hours that CABRERO worked in excess of the forty (40) hour work week for NORTHWEST.

4

30.     However, NORTHWEST only paid CABRERO $1,000 out of the $1,893.75 owed for overtime wages.

31.     As a result of the Defendants failure to pay CABRERO at the proper rate of pay for approximately 101.00 hours that CABRERO worked in excess of the forty (40) hour work week for NORTHWEST, Defendants have violated the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* and CABRERO was not paid approximately **$893.75 out of the $1,893.75 owed**.

32.     Defendants willfully and intentionally refused to pay CABRERO's overtime wages as required by the FLSA as Defendants knew of the Federal Overtime Wage requirements of the FLSA and recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

33.     Furthermore, CABRERO demanded the **$893.75** due as a result of Defendants' violation of the Federal Overtime Wage requirements of the FLSA through a letter by CABRERO's counsel, but Defendants did not pay the full amount demanded.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances.

## JURY DEMAND

CABRERO and those similarly situated demand trial by jury of all issues so triable as of right.

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT.**

DATED:

OSQUEL CABRERO, Plaintiff

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

Sworn to or affirmed and signed before me on DEC. 9, 2014 by OSQUEL CABRERO.

Stephanie Cardona
Notary Public

___ Personally know
_✓_ Produced ID
Type of identification produced FLDL : C606 040 03 21 2 0

STEPHANIE CARDONA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF111596
Expires 4/9/2018

Respectfully submitted,

THE CORONA LAW FIRM
3899 NW 7th Street, 202B
Miami, Florida 33126
Ph: (305) 266-1150
Fax: (305) 266-1151
Email: Kbordatto@coronapa.com
Secondary: Marta@coronapa.com

BY:
Ricardo Corona, Esq.
Fl. Bar No. 111333
Krista Bordatto, Esq.
Fl. Bar No. 84597

6